```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

-----------------------------------x
AVIS QUEZADA,                      :
                                   :
     Plaintiff,                    :
                                   :
v.                                 :
                                   : Civil No. 3:22-cv-00077 (AWT)
                                   :
CITY OF WATERBURY, SGT. JEFFREY    :
HAMEL, and OFC. FERNADO LUCAS,     :
                                   :
                                   :
     Defendants.                   :
                                   :
-----------------------------------x
```

## ORDER RE MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff Avis Quezada ("Quezada") filed this action on January 14, 2022 against defendants City of Waterbury, Sergeant Jeffrey Hamel ("Hamel"), and Officer Fernando Lucas ("Lucas"). The claim against defendant Hamel is against him in his official and individual capacities, and the claims against defendant Lucas are against him in his individual capacity. The Third Amended Complaint has six counts, and the defendants have moved for partial summary judgment. For the reasons set forth below, the defendants' motion is being granted in part and denied in part.

   I.   **LEGAL STANDARD**

Summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) ("[R]ule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").

"The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists." Marvel Characters v. Simon, 310 F.3d 280, 286 (2d Cir 2002). An issue is "genuine . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material if it would "affect the outcome of the suit under the governing law". Id.

When ruling on a motion for summary judgment, the court must respect the province of the jury, and therefore may not try issues of fact. See Anderson, 477 U.S. at 255; Donahue v. Windsor Locks Bd. of Fire Comm'rs, 834 F.2d 54, 58 (2d Cir. 1987); Gallo v. Prudential Residential Servs., 22 F.3d 1219, 1224 (2d Cir. 1994) ("[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them."). In determining whether a

genuine issue of material fact exists, the court must "assess the record in the light most favorable to the non-movant and . . . draw all reasonable inferences in [his] favor." Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000) (ellipsis in original) (quoting Delaware & Hudson Ry. Co. v. Consolidated Rail Corp., 902 F.2d 174, 177 (2d Cir. 1990)).

## II. DISCUSSION

### A. First Count: 42 U.S.C. § 1983 Fourteenth Amendment Violation

#### 1. Hamel

The defendants move to dismiss the section 1983 claim against Sergeant Jeffrey Hamel in his official capacity on the grounds that it is duplicative of the plaintiff's section 1983 claim against the City of Waterbury.

"[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent". Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 691 n.55 (1987). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985). Thus, this claim is duplicative.

The plaintiff argues that special circumstances justify keeping both the Town of Waterbury and Hamel in his official capacity as defendants. The plaintiff maintains that "[a]s the

primary agent controlling the lockup, the injunctive relief sought by plaintiff is directed at Sergeant Hamel." Pl.'s Opp'n (ECF No. 69) at 5. However, the Third Amended Complaint requests an "injunction that defendant Waterbury change its custom, practice, and policy at the Holding Facility . . . ." Third Am. Compl. (ECF No. 53) at 9. The plaintiff has not shown that it is necessary to also name Hamel in his official capacity for purposes of any injunctive relief. The plaintiff also argues that "jurisdiction over Sergeant Hamel was never contested, while defendants did assert lack of jurisdiction over the Town of Waterbury premised upon a failure of service." Pl.'s Opp'n (ECF No. 69) at 6. However, both the City of Waterbury and Hamel were first served on August 25, 2023. See ECF No. 56.

Therefore, the claim against defendant Hamel in his official capacity is being dismissed, without prejudice, as duplicative.

### 2. City of Waterbury

The City of Waterbury contends that it is entitled to summary judgment on the plaintiff's conditions of confinement Monell claim. The defendants argue that first, the plaintiff cannot establish a Constitutional violation, and second, even if the plaintiff could establish a Constitutional violation, he cannot establish that the Constitutional violation was caused by a custom, policy, or practice of the City of Waterbury.

"A pretrial detainee may establish a § 1983 claim for allegedly unconstitutional conditions of confinement by showing that the officers acted with deliberate indifference to the challenged conditions." Darnell v. Pineiro, 849 F. 3d 17, 29 (2d Cir. 2017). "This means that a pretrial detainee must satisfy two prongs to prove a claim . . . ." Id. With respect to the first, or objective, prong the plaintiff must prove "that the challenged conditions were sufficiently serious to constitute objective deprivations of the right to due process". Id. at 29. With respect to the second, or subjective, prong the plaintiff "must prove that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." Id. at 35.

The plaintiff has created genuine issues of material fact as to both prongs. With respect to the first prong, he has proffered evidence with respect to unsanitary conditions, extreme temperatures, inadequate nutrition and failure to administer medication, which must be analyzed in combination, not in isolation. With respect to the second prong, the court agrees with the plaintiff that

> there are material issues of fact regarding at least (1) complaints by plaintiff and other detainees, (2) failure to follow written protocols, (3) the impact of COVID on cleaning the cells, (4) the failure to provide prescriptions as standard operating procedure, (5) the timing of food, (6) the quality of the food, (7) the quality of water, and (8) the lack of bedding, clothing, soap, toilet privacy, or even a mattress.

Pl.'s Opp'n (ECF No. 69) at 13.

The City of Waterbury contends that the plaintiff has not provided evidence that any Constitutional violation was caused by a policy, custom, or practice on its part. It does not provide any analysis in support of this assertion. In any event, the plaintiff has created a genuine issue of material fact with respect to this element of his claim. See Pl.'s Local R. 56(a)(2) Statement (ECF No. 69-1) at 9-10 para. 3.

Therefore, the motion for summary judgment on this claim is being denied.

### B. Second Count: 42 U.S.C. § 1983 <u>Excessive Force Claim Against Lucas</u>

The defendants do not move for summary judgment on this claim but rather, contend that the count contains "failure to protect allegations", and they "request an affirmative ruling from the Court dismissing any intended or unintended failure to protect claim brought by the Plaintiff." Defs.' Mem. (ECF No. 64-1) at 22. This request is being denied because such an affirmative ruling would be duplicative. The plaintiff has made it clear that "plaintiff is not pursuing a claim of failure to

protect." Pl.'s Opp'n (ECF No. 69) at 13. The fact that factual allegations could be made in support of a claim for failure to protect does not mean that they cannot also be made in support of some other claim, even if they are not essential for purposes of stating a claim upon which relief may be granted.

### C. Third Count: Assault and Battery Against Lucas

The defendants renew the argument, made in their motion to dismiss, that the section 1983 excessive force claim and the assault and battery claim are duplicative because

> regardless of whether under color of state law is a named element of an assault and battery claim, an assault and battery claim against an on-duty, in-uniform police officer contains the implicit requirement that the officer was acting under color of state law.

Defs.' Mem. (ECF No. 64-1) at 23.

The motion for summary judgment on this claim is being denied based on the analysis set forth in the Ruling on Motion to Dismiss (ECF No. 50).

### D. Fourth Count: Intentional Infliction of Emotional Distress Against Lucas

The Fourth Count is a claim against Officer Fernando Lucas for intentional infliction of emotional distress. The defendants move for summary judgment, arguing that the plaintiff has not submitted "evidence that he has suffered severe emotional distress." Defs.' Mem. (ECF No. 64-1) at 26. As set forth in the plaintiff's opposition, genuine issues of material fact exist as

to whether the plaintiff suffered emotional distress that was sufficient to support a claim for intentional infliction of emotional distress.

Therefore, the motion for summary judgment on this claim is being denied.

### E. Fifth Count: Negligent Infliction of Emotional Distress Against Lucas

The Fifth Count is a claim against Officer Fernando Lucas for negligent infliction of emotional distress.

The defendants argue that "dismissal of Plaintiff's NIED claim is warranted in light of plaintiff's failure to adduce any evidence which proves that the imminent harm exception applies to the alleged altercation with Officer Lucas at St. Mary's Hospital." Defs.' Mem. (ECF No. 64-1) at 28. They maintain that the imminent harm exception only applies in "scenarios involving a failure to act that subjects an identifiable person to imminent harm at the hands of some third party." Id. at 29.

The plaintiffs cite to authority to the contrary. In response to what appears to be conflicting precedent, the defendants merely state that "[a]lthough the prevailing case law does not explicitly state that there must be a failure to act in order for the imminent harm exception to apply, there are nonetheless cases where the court's analysis focused on a public officer's failure to act." Id. at 30.

This is an issue where the court may find helpful supplemental briefing and/or certification of a question to the Connecticut Supreme Court. Therefore, the motion for summary judgment on this claim is being denied without prejudice.

### F. Sixth Count: Indemnification Against the City of Waterbury

The Sixth Count is a claim against the City of Waterbury for indemnification pursuant to Connecticut General Statutes § 7-465.

The defendants argue that the plaintiff failed to give the City timely notice of his claim for indemnification. Section 7-465 provides, in relevant part:

> No action for personal physical injuries or damages to real or personal property shall be maintained against such municipality and employee jointly unless . . . written notice of the intention to commence such action and of the time when and the place where the damages were incurred or sustained has been filed with the clerk of such municipality within six months after such cause of action has accrued.

Conn. Gen. Stat. § 7-465(a).

Thus, by its terms, this provision applies to actions for personal physical injuries or damages to real or personal property. In Cheshire v. Ledge Light Health Dist., No. 543535, 1998 WL 242512, (Conn. Super. Ct. May 5, 1998), the court held:

> Regarding the notice requirement of the statute, it requires notice if the action is for personal physical injuries or property damage. The court finds that this is not such an action. . . . [T]he statute clearly does not require notice for a "civil rights" action or any action

   other than one for personal physical injury or property
   damage.

Id. at *1. See also Hall v. Gallo, No. 030476708, 2008 WL 2796950, at *8 (Conn. Super. Ct. June 25, 2008)("The statute, however, does not require notice for civil rights actions."). Similarly, in Armao v. Am. Honda Motor Co., 917 F. Supp. 142, 143-44 (D. Conn. 1996), the court concluded that "Plaintiff's state law claims against the Town . . . are barred because he failed to give the Town written notice of his intention to commence an action against the Town within six months after the cause of action accrued as required by Conn. Gen. Stat. § 7-465. His federal civil rights claim against the Town pursuant to 42 U.S.C. § 1983 is not barred by his failure to comply with the state statute."

   Therefore, the motion for summary judgment on this claim is being denied.

### III. CONCLUSION

   For the reasons set forth above, Defendants City of Waterbury, Jeffrey Hamel and Fernando Lucas's Motion for Partial Summary Judgment (ECF No. 64) is hereby GRANTED in part and DENIED in part. The claim in the First Count against Sergeant Jeffrey Hamel in his official capacity is dismissed without prejudice, and the motion is otherwise being denied.

It is so ordered.

Dated this 29th day of August, at Hartford, Connecticut.

                                                  /s/AWT

                                        _____
                                          Alvin W. Thompson
                                   United States District Judge